IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01634-BNB

SANFORD B. SCHUPPER,

    Plaintiff,

v.

WILLIAM EDIE,
ROBYN CAFASSO,
JEANNE SMITH,
DAVID ZOOK,
JOHN NEWSOME,
LINDA DIX, all in their individual and official capacities,
BOARD OF COMMISSIONERS, EL PASO COUNTY, COLORADO,
JOHN DOE,
JANE DOE, and
DOES I-X,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Sanford B. Schupper, alleges that he currently is on parole in Monument, Colorado. Mr. Schupper filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) alleging that Defendants effectively have denied his right to appeal from two state criminal convictions. As relief Mr. Schupper asks for money damages. He has paid the $350.00 filing fee. He also has filed a motion titled "Motion for Appointment for Special Prosecutor in El Paso County State Court Proceedings." Defendants, through counsel, have filed an "Unopposed Motion for Extension of Time to File Answer or Other Responsive Pleading."

The Court must construe the complaint liberally because Mr. Schupper is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the complaint and the action.

The summary of the below facts is based upon Mr. Schupper's allegations in the complaint, as well as upon factual allegations in *People v. Schupper*, 124 P.3d 856 (Colo. Ct. App. 2005) (*Schupper I*), and in *Schupper v. People*, 157 P.3d 516 (Colo. 2007) (*Schupper II*). Mr. Schupper was convicted by a jury in El Paso County, Colorado, district court in Case No. 95CR3134 in January 2002, on one count of felony theft. He was sentenced to six years in the Colorado Department of Corrections and to five years of mandatory parole. In June 2003, the Honorable Donald Campbell vacated Mr. Schupper's conviction and sentence in No. 95CR3134. Plaintiff was released from custody after serving approximately sixteen months of his sentence.

The prosecution appealed the order vacating the conviction. On May 5, 2005, the Colorado Court of Appeals reversed the order vacating Mr. Schupper's conviction. *See Schupper I*. On April 30, 2007, the Colorado Supreme Court affirmed the decision

of the state appeals court to reinstate Mr. Schupper's judgment of conviction and sentence. *See Schupper II*.

On June 21, 2007, the El Paso County District Court reinstated Mr. Schupper's conviction and sentence with credit for time previously served. Mr. Schupper alleges that the original appeal he filed in No. 95CR3134 in August 2002, which was dismissed without prejudice in August 2003 after Judge Campbell vacated Plaintiff's conviction and sentence, was reinstated in July 2007, after the Colorado Supreme Court on April 30, 2007, affirmed the decision of the state appeals court.

Mr. Schupper alleges that, in a separate El Paso County District Court criminal proceeding, No. 96CR1193, he was convicted of securities fraud in October 2004. He further alleges that he appealed to the Colorado Court of Appeals in 2005 in No. 05CA0764. He contends that in February 2006 he entered a plea in No. 96CR1193 pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), based upon an agreed-upon twelve years of probation and an agreement by the district attorney not to move to revoke or increase the appeals bonds in Nos. 96CR1193 and 95CR3134. On February 29, 2008, Mr. Schupper was released on parole.

Mr. Schupper complains that since the original designation of the record in No. 95CR3134 was filed in August 2002, and since early 2005 in No. 96CR1193, the El Paso County clerk has been unable to complete either record on appeal, effectively denying him the right to appeal. Mr. Schupper further complains that Defendants allegedly knew he would prevail on appeal and conspired to delay the completion of the

record on appeal in the El Paso County District Court case Nos. 95CR3134 and 96CR1193 so that he would serve his sentences before an appeal could be heard.

Mr. Schupper clearly is unhappy with the progress of his state court appeal. However, because the state proceedings are not final, this Court must abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies, even if the state proceedings are ongoing when the federal action is filed, so long as the state action implicates important state interests with which a federal judgment would interfere. *See D. L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (citing *Younger*, 401 U.S. at 54). Mr. Schupper must conclude his claims in state court before seeking federal relief. Should Mr. Schupper be unsuccessful on appeal, he then may bring his federal claims before this Court in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting available state court remedies. A § 2254 application is the proper avenue for attacking the validity of a conviction and sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

To the extent Mr. Schupper may be trying to recover damages by challenging his state convictions and sentences, he may not do so. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question

by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. *Heck* also precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. *See Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).

Mr. Schupper does not allege, and nothing in the Court's file indicates, that he has invalidated either his convictions or his sentences. In fact, it is apparent that Mr. Schupper has not invalidated his convictions or sentences because he currently is trying to pursue an appeal. Therefore, the complaint for damages also is barred by *Heck*, and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 28 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01085-BNB

Sandford B. Schupper
Prisoner No. 114036
964 Burning Bush Point
Monument, CO 80132

Andrew C. Gorgey
First Assistant County Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk