IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01634-ZLW

SANFORD B. SCHUPPER,

    Plaintiff,

v.

WILLIAM EDIE,
ROBYN CAFASSO,
JEANNE SMITH,
DAVID ZOOK,
JOHN NEWSOME,
LINDA DIX, all in their individual and official capacities,
BOARD OF COMMISSIONERS, EL PASO COUNTY, COLORADO,
JOHN DOE,
JANE DOE, and
DOES I-X,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiff, Sanford B. Schupper, submitted to and filed with the Court *pro se* on September 28, 2008, a motion titled "Plaintiff's Second Motion for Reconsideration on Order of Dismissal and Amended Complaint" asking the Court to reconsider and vacate the Order of Dismissal and Judgment filed in this action on August 28, 2008, and to consider the amended complaint he filed on September 9, 2008. He also filed a notice of change of address.

The Court must construe the second motion for reconsideration liberally because Mr. Schupper is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the second motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Plaintiff's motion to reconsider, which was filed on September 28, 2008, more than ten days after the Court's judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The August 28, 2008, Order of Dismissal and Judgment dismissed the complaint and the action without prejudice as barred by *Younger v. Harris*, 401 U.S. 34 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994). Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Plaintiff's Second Motion for Reconsideration on Order of Dismissal and Amended Complaint" submitted to and filed with the Court

*pro se* on September 28, 2008, by Plaintiff, Sanford B. Schupper, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Schupper at his new mailing address, filed with the Court on September 28, 2008.

DATED at Denver, Colorado, this 8 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01085-BNB

Sandford B. Schupper
1364 Old Cedar Cove
Monument, CO 80132

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk